

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 3, 1957

Honorable Wm. J. Burke  
Executive Director  
State Board of Control  
Austin, Texas

Opinion No. WW-178

Re: Provisions of the Supplement to House Journal, Page 163, Sec. 3, and Article 634a, Sec. 3, V.C.S., as it relates to collection of monies and the re-appropriation for use for specific purposes as such collection of funds and re-appropriation for use relates to activities of the Board of Control.

Dear Mr. Burke:

You have requested an opinion on the following question:

Is the Comptroller authorized under the provisions of Supplement to House Journal page 163, Sec. 3 (Sec. 3 of Article III of Chapter 519, Acts of the 54th Legislature, Regular Session, Page 1348 at page 1532) and Article 634a Section 3 (Vernon's Civil Statutes), to make the transfer of funds from the General Revenue Account to the Board of Control Special Services Account?

Your request is based on the following facts stated by you as follows:

". . . the Board of Control issues a Class and Item Booklet for the use and guidance of bidders in making application for listing on the bidders list to receive mail invitations to bid. The cost ranges from $2.50 to $7.50 per booklet and bid listing.

". . .

"The Board of Control has collected and deposited during the fiscal year certain sums for the above services, but in preparing the deposit slips, we failed to designate the collections under the Special Service Account category.

"We have requested the Comptroller to change
the distribution of the Booklet charges collected
from the regular General Revenue deposit to the
'Special Service Account' deposit since the cost
of publication of the Class and Item Booklet pre-
viously mentioned, application forms, etc., have
been paid from Board of Control General Appropria-
tions, Item 75 of House Bill #140, and no reim-
bursement for the booklet so published and issued
to prospective bidders has been credited back to
this account for continuance of the program."

In response to our request to the Comptroller's Office
regarding the disposition in the past of fees collected under
the provisions of Article 634a, the Comptroller has stated:

"Referring to the conversation with you with
reference to a question you have in your office
pertaining to the use of fees collected under Ar-
ticle #634a and your request for information on
the accounting for these fees, and the interpre-
tation of appropriations made since the 43rd Leg-
islature of 1933, the year in which the Article
#634a was passed, House Bill #167 of the 43rd Leg-
islature, making appropriations to the executive
and administrative departments and agencies of the
State of Texas, page 449, made an appropriation
for these fees. The procedure which is followed
on appropriations of this type, which restricts
the amount appropriated to the actual fees re-
ceived, the fees collected are credited to a Cash
Control Account in the appropriation ledger, an
appropriation number is assigned to the appropria-
tion which is made and all charges are placed
against the appropriation and against the Cash Fee
Control.

"I have been unable to find where the 55th
Legislature made an appropriation of the amount
collected under Article #634a. During this bien-
nium the fees would be deposited direct to General
Revenue, Unappropriated Funds, and show that they
were collected by the Board of Control, a revenue
source code being used to distinguish this type of
revenue. The 46th and 47th Legislatures did appro-
priate all of the fees or set limitations for cer-
tain positions to be paid out of these fees. During
these years, the fees were set into the Cash Fund
Control, and handling as set-out above for the

appropriations made by the 43rd Legislature. Since the 47th Legislature, the Legislature has not made an appropriation of these fees and they have been placed into General Funds, Unappropriated Cash, and deposited to the source of Revenue assigned for service charges, showing that they were deposited by the Board of Control. Until the present time, there has never been any question as to whether the mailing list fees were appropriated in years in which the Legislature did not make an appropriation, and the procedure of controlling funds and appropriations as set-out above, is followed by this office on all appropriations made to State Departments in which the Legislature limits the expenditure to specific fees."

Section 3 of Article 634a, Vernon's Civil Statutes, provides:

"All amounts collected from the annual service charge of those on the State mailing list or from proposals furnished shall be deposited in the State Treasury, in the name of the 'State Board of Control Special Service Account,' and enough of said funds so collected shall be used by said Board and paid out as other funds are to defray all necessary expenses and charges in connection with the making and furnishing of said proposals."

The above quoted provisions will be repealed by the provisions of Senate Bill 189, Acts of the 55th Legislature, when it becomes effective.

Section 3 of Article III of Chapter 519, Acts of the 54th Legislature, Regular Session (General Appropriation Act), page 1348 at page 1532, provides:

"Publication and Sale of Printed Matter. Any moneys appropriated under this Article for general operating, maintenance, miscellaneous, or contingent expenses, or specifically appropriated for printing, within the discretion of the head of each executive or administrative department or agency may be used for the publication and distribution of any notice, pamphlet, booklet, rules, regulations, or other matters of public interest, the subject matter of which is directly related to the statutory responsibilities of the respective department or agency.

"It is further provided that a charge may be made and collected for each such publication in an amount which will reasonably reimburse the State for the actual expense of printing it; but any such publication is to be furnished without charge to other State departments and agencies.

"It is also provided that moneys received and collected from such charges are hereby appropriated to the respective department or agency issuing the publications, for use during the fiscal year in which the receipts are collected. The State Comptroller is to credit such receipts to the appropriation item or items, from which the printing costs were originally paid."

Item 75 of the appropriation to the State Board of Control appropriates moneys to be expended for the purpose of printing and binding, among other purposes.

As pointed out by the letter from the Comptroller's office, since the 47th Legislature, the Legislature has not made an itemized appropriation of the mailing lists fees and has not carried in the appropriation to the Board of Control the "State Board of Control Special Service Account" as provided in Article 634a. The fees collected pursuant to the provisions of Article 634a, are mailing list fees entitling a person, firm or corporation paying such fees to be placed on the State mailing list of prospective bidders on contracts to be let by the State Board of Control and is not reimbursement for the cost of publications and sale of printed matter by the State. Therefore, it is our opinion that the provisions of Section 3 of Article III of Chapter 519, Acts of the 54th Legislature, Regular Session, does not apply to the mailing list fees collected pursuant to the provisions of Article 634a, Vernon's Civil Statutes. Since the Legislature prior to 1943 appropriated such mailing list fees and subsequent to 1941 has not appropriated mailing list fees, it is our opinion that the moneys collected pursuant to the provisions of Article 634a, are not to be available to the State Board of Control for expenditure.

## SUMMARY

The provisions of Section 3 of Article III, Chapter 519, Acts of the 54th Legislature, Regular Session, page 1348 at page 1532, appropriating moneys collected for the publication and distribution of notices, pamphlets, booklets,

rules and regulations are not applicable to the
mailing list fees collected pursuant to the pro-
visions of Article 634a, V.C.S.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:pf:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
Mrs. Marietta Payne
Wayland C. Rivers, Jr.
Roger I. Daily

REVIEWED FOR THE ATTORNEY GENERAL

BY:   Geo. P. Blackburn